IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. LEWIS,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 20-2790** |
| | : | |
| **T. ENGLISH,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SCHILLER, J.**                                                                                                                                                 **AUGUST 6, 2020**

Plaintiff James E. Lewis, a convicted and sentenced state prisoner incarcerated at SCI Somerset, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, against (1) T. English (identified in the Complaint as a "Correction Officer" at SCI Chester); (2) T. Roberson (identified as a "Correction Officer" at SCI Chester); (3) J. Wychunis (identified as a Lieutenant at SCI Chester); and (4) Ms. M. Lamas (identified as the Warden of SCI Chester). Lewis seeks leave to proceed *in forma pauperis*. Each Defendant is only sued in their official capacities. For the following reasons, the Court will grant Lewis leave to proceed *in forma pauperis*, dismiss his claims against all Defendants in their official capacities with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim.

**I.    FACTUAL ALLEGATIONS**

Lewis alleges that on November 1, 2019, while he was incarcerated on FA block at SCI Chester, Officer English came to his cell and passed him a food tray. (ECF No. 2 at 5.)[1] When English came back to retrieve the tray, English "smack[ed] the tray out of [his] hand and

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

[slammed] the wicket door on [his] hand." (*Id.*)  Lewis avers that his "middle finger got cut real bad" and he still has "a hard time moving it." (*Id.*)  Lewis thought his finger was broke, but "they refused to check." (*Id.*)  Lewis asserts that Sergeant Taylor came with the nurse. (*Id.*)  Taylor and the nurse are not named as Defendants in the Complaint.

In a handwritten letter attachment to the Complaint, Lewis asserts that his "8th Amendment was truly [sic] violated by SCI Chester facility." (*Id.* at 16.)  It appears that Lewis filed at least one grievance with SCI Chester but avers that he did not receive an answer to his appeal, asserting that the "superintendent lie[d] saying they never got [his] appeals forms." (*Id.*)  Lewis contends that "the jail is try[ing] to stop [his] process." (*Id.*)

Lewis asserts claims pursuant to 42 U.S.C. § 1983, for pain and suffering, cruel and unusual punishment, lack of medical care, retaliation and failure to protect. (*Id.* at 5.)  Lewis seeks $350,000 in damages. (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Lewis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] However, as Lewis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

(quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Lewis is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Lewis has only asserted official capacity claims for money damages against each of the named Defendants.  (ECF No. 2 at 2-3.)  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government agency, in this case SCI Chester, and as such, are barred by the Eleventh Amendment.[3]  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are

---

[3] However, state officials sued in their individual capacities are "persons" within the meaning of Section 1983.  *See Hafer*, 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id.*  The Eleventh Amendment also does not generally bar prospective declaratory or injunctive relief.  *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (explaining that "official-capacity actions for prospective relief are not treated as actions against the State"); *see also Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief."); *O'Callaghan v. Hon. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

immune from suits filed in federal court.  Accordingly, the Court will dismiss with prejudice Lewis's damages claims against the Defendants in their official capacities.

Even if the Court were to assume that Lewis intended to assert individual capacity claims, Lewis has not stated a plausible basis for a claim against any of the named Defendants. Lewis should be mindful that in order to state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Monmouth Cty. Corr. Inst'l Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).

Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Lewis has not stated a plausible claim for deliberate indifference against any of the named Defendants.  Notably, Lewis's allegations, although sparse, demonstrate that he did receive medical treatment for his middle finger.  Specifically, Lewis alleges that Sergeant Taylor came to his cell with a nurse.  (ECF No. 2 at 5.)  While Lewis may have disagreed with the extent or amount of treatment received, he has not alleged enough facts from which one could plausibly infer that he had a serious medical need that was regarded with deliberate indifference.  Lewis should also be mindful that simple negligence is not a sufficient basis for a constitutional claim.  *See Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

Lewis also makes conclusory allegations of "failure to protect" and "retaliation" that are not supported by any facts.  (ECF No. 2 at 5.)  In order to state a plausible First Amendment retaliation claim, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020).  To state a claim under § 1983 against a prison official for failure to protect an inmate from violence, a plaintiff must plead facts that show:  "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Farmer*, 511 U.S. at 834.

Moreover, there are no factual allegations that Officer Roberson, Lieutenant Wychunis, or Warden Lamas were involved in any of the allegedly violative conduct. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that " [b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because Lewis does not allege how Roberson, Wychunis, or Lamas were involved in the alleged violation of his constitutional rights, the claims against them are not plausible.

Finally, to the extent that Lewis alleges a violation of his rights with respect to the denial of his grievance, claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, any facts alleged by Lewis about grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### IV.   CONCLUSION

For the foregoing reasons, the Court will grant Lewis leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Lewis's claims against the named Defendants in their official capacities will be dismissed with prejudice. The Court cannot, however, state that Lewis can never allege plausible claims against

Officer English, Officer Roberson, Lieutenant Wychunis, or Warden Lamas in their individual capacities.  Accordingly, Lewis will be permitted to file an amended complaint against these Defendants within thirty (30) days in the event he can state a plausible claim.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  An appropriate Order follows.